Vietor

Sanford Shatz State Bar No. 127229
Attorney at Law
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone: (818) 871-6062
Fax: (818) 871-4669
Sandy_Shatz@Countrywide.com

Attorneys for Defendant Countrywide Home Loans, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARA M. VIETOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY, COUNTRYWIDE HOME LOANS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)<br><br>(Federal Question) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Countrywide Home Loans, Inc. ("Countrywide") removes to this court the state court action described below.

On October 29, 2007, plaintiff Clara M. Vietor ("Plaintiff") filed an action in the Superior Court in the State of California for the County of Napa entitled "Clara M. Vietor, an individual, Plaintiff v. Commonwealth Land Title Insurance Company, Countrywide Home Loans, Inc.; and Does 1-10, inclusive, Defendants" as case no. CV-26-37611. A true and correct copy of the summons and complaint are attached to this notice of removal as Exhibit "A."

The First Amended Complaint was served on Countrywide on November 21, 2007. The time within which parties are required to file this Notice of Removal under 28 U.S.C. § 1446(b) has not yet expired.

This court has subject matter jurisdiction over this action because the complaint asserts a cause of action against Countrywide for violations of the Truth-in-Lending Act ("TILA") and Fair Credit Reporting Act ("FCRA"). The causes of action specifically identify alleged violations of the TILA, 15 U.S.C. § 1601, et seq.; 15 U.S.C. § 1635(a), (b), and (g); and violations of the FCRA, 15 U.S.C. § 1681s-2(b). By virtue of this removal petition, Countrywide does not waive its right to assert any claims or other motions permitted by the Federal Rules of Civil Procedure, including, but not limited to, Rule 11 and 12 motions.

The Complaint To Quiet Title, Notice of Pendency of Action, and Summons and First Amended Complaint For Damages are the only process, pleadings or other orders which Defendants have received or filed in this action to date. A true and correct copy of the documents are attached to this notice of removal as Exhibit "A."

On December 20, 2007, Countrywide contacted Commonwealth Land Title Insurance Company ("Commonwealth") regarding Countrywide's intent to remove the case to federal court. Commonwealth did not object.

Pursuant to 12 U.S.C. § 1446(d), Countrywide shall give written notice of the filing of this notice of removal to all adverse parties and a copy of this notice is also being filed with the clerk of the state court in which this case was originally filed.

WHEREFORE, defendant Countrywide removes this action now pending in the Superior Court of the State of California, County of Napa, Case No. CV-26-37611, to the United States District Court for the Northern District of California.

DATED: December 20, 2007

By: [signature]
SANFORD SHATZ
Attorneys for Defendant
Countrywide Home Loans, Inc.



CORPORATION SERVICE COMPANY

# Notice of Service of Process

KTR / ALL
Transmittal Number: 5455450
Date Processed: 11/21/2007

**Primary Contact:** Karina Buitrago
Countrywide Legal Department
5220 Las Virgenes Road, AC-11
Calabasas, CA 91302

**Copy of transmittal only provided to:** Nicole Coleman

| | |
|---|---|
| **Entity:** | Countrywide Home Loans, Inc.<br>Entity ID Number 0213055 |
| **Entity Served:** | Countrywide Home Loans, Inc |
| **Title of Action:** | Clara M. Vietor vs. Commonwealth Land Title Insurance Company |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Other |
| **Court:** | Napa Superior Court, California |
| **Case Number:** | CV-26-37611 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/21/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Richard L. Antognini<br>916-645-7278 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
COMMONWEALTH LAND TITLE INSURANCE COMPANY, COUNTRYWIDE HOME LOANS, INC.,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLARA M. VIETOR

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED**
OCT 2 9 2007
Clerk of the Napa Superior Court
By: J. OLIVER
Deputy

DELAY REDUCTION CASE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
NAPA COUNTY SUPERIOR COURT
825 Brown Street,
Napa, California 94559-3031

CASE NUMBER: *(Número del Caso):* CV-26-37611

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard L. Antognini, LAW OFFICES OF RICHARD L. ANTOGNINI, 2831 Southcreek Drive, Lincoln, California 95648-8284 (916) 645-7278

DATE: *(Fecha)* OCT 2 9 2007 Clerk, by *(Secretario)* J. OLIVER Stephen A. Bouch, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Countrywide Home Loans, Inc.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

RICHARD L. ANTOGNINI (SBN 075711)
LAW OFFICES OF RICHARD L. ANTOGNINI
2831 Southcreek Drive
Lincoln, California 95648-8284
Telephone: (916) 645-7278
Facsimile: (916) 290-0539
E-Mail: rlalawyer@yahoo.com

ENDORSED
OCT 2 9 2007
Clerk of the Napa Superior Court
By: J. OLIVER
Deputy

DELAY REDUCTION CASE

Attorneys for Plaintiff CLARA VIETOR

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| CLARA M. VIETOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY, COUNTRYWIDE HOME LOANS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV-26-37611<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Violation of Truth-in-Lending Act;<br>2. Violation of Fair Credit Reporting Act;<br>3. Negligence; and<br>4. Statutory Unfair Competition (Business and Professions Code section 17200 et seq.) |

Plaintiff CLARA M. VIETOR (or "plaintiff") alleges as follows:

**THE PARTIES**

1. Plaintiff is a resident of the County of Placer, State of California.

2. Defendant Commonwealth Land Title Insurance Company ("Commonwealth") is corporation that does business within the State of California and the County of Napa.

3. Defendant, Countrywide Home Loans, Inc. ("Countrywide") does business within the State of California and the County of Napa as a home mortgage lender.

Exhibit A

4. Plaintiff does not know the identities of the defendants she sues as DOES 1-10, and plaintiff therefore sues those defendants by such fictitious names. Plaintiff is informed and believes, and alleges on that information and belief, that these defendants are liable for the acts and damages described in this Complaint. Plaintiff will ask leave of court to substitute the true names and identities of these defendants once they have been learned.

5. Plaintiff alleges on information and belief that each of the defendants were and are agents, officers, directors, or employees of one or more of the other defendants, and that each of the defendants acted within the course and scope of their actual, implied, apparent, or ostensible authority as agents, officers, directors, or employees of some or all of the other defendants in engaging in the conduct alleged in this complaint.

## FACTUL ALLEGATIONS

6. Plaintiff incorporates the allegations of paragraphs 1-5 above.

7. Plaintiff owns the home located at 3270 Cuttings Wharf Road, Napa, California 99559. Plaintiff is 78 years old.

8. On July 25, 2005, Plaintiff took out a loan with Countrywide and employed Commonwealth to do the title search. Commonwealth issued a Title Insurance policy, Policy Number 562-Z043144.

9. On July 25, 2005 Commonwealth failed to put the Plaintiff on the title report, even though the Plaintiff paid for the Title Report. The Title Report failed to list a lien, recorded in Napa County Recorders Office, in favor of William D. Keegan, and

subsequently sold to Roger D. and Kathleen M. Cravy as Document Number 2004-007133, recorded on June 28, 2004.

10. Defendant Commonwealth regularly does Title searches and reports and within those reports Commonwealth reports all liens and encumbrances. If Commonwealth would have reported the lien that encumbered the property, William D. and Kathleen M. Cravy would have been paid. Further, Countrywide would have had the choice to decline or refinance the lien within Plaintiff's Loan with Countrywide.

11. On March 30, 2007, Plaintiff contacted Commonwealth and Countrywide to complain about the mistake Commonwealth made in the title report and to file a title insurance claim. Commonwealth refused to settle the matter with Plaintiff.

12. On July 11, 2005, Plaintiff applied for a fixed rate refinance her previous loan. Countrywide provided the loan, which it labeled loan no. 110714178. On July 25, 2005, the loan closed.

13. There were a number of discrepancies within the loan disclosures. Plain was unaware of those discrepancies until recently when Plaintiff had her mortgage audited. Plaintiff applied for a fixed rate mortgage and received an adjustable rate mortgage. The Notice of Right to Cancel ("ROR") the loan had no dates and was blank. Plaintiff did not receive two copies of the "ROR."

14. Countrywide regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction, which is the subject of this action was initially payable. Countrywide thus is a creditor within the

meaning of the Truth-in-Lending Act, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a) (17).

15. The transaction extended consumer credit which was subject to a finance charge and which was initially payable to Countrywide. The amount of the loan was $560,000.00.

16. As part of this consumer credit transaction, Countrywide retained a security interest in Plaintiff's home at 3270 Cuttings Wharf Rd, Napa CA 99559.

17. Before the settlement date, Countrywide did not provide to Plaintiff the preliminary disclosures required by Truth in Lending Act (TILA) at 12 CFR 226.17 and 18, or any other preliminary disclosures as required by RESPA at 24 C.F.R. §§ 3500.6 and 3500.7, which is commonly known as the Good Faith Estimate. The preliminary disclosures were not given to Plaintiff until closing.

18. Before, during and after the settlement date, Countrywide failed to provide Plaintiff with true and accurate copies of important documents, including but not limited to, copies of the TILD disclosure, accurately dated Notice of Right to Cancel disclosures ("ROR") and two copies of the "ROR".

19. Countrywide intentionally failed to provide Plaintiff with various disclosures that would indicate to Plaintiff that the contract entered into was void, illegal and predatory in nature, such as an accurate Notice of Right to Cancel disclosure and two copies thereof as required by 12 CFR 226.23.

20. Plaintiff was not given the Good Faith Estimate ("GFE") or Itemization of Amount Financed ("IOAF") before loan closing, which would have disclosed the cost of the loan.

21. Countrywide was under a legal obligation as a fiduciary and had the responsibility of overseeing the loan consummation and tp make sure that Plaintiff's consummation was legal and that the Plaintiff received all mandated documentation and material disclosures under TILA and RESPA, before and after the transaction. Plaintiff relied upon Countrywide's claims that Countrywide knew the best way to structure the transaction and would help Plaintiff make the best consumer transaction possible.

22. On April 26, 2007, Plaintiff sent a rescission letter rescinding the loan transaction with detailed TILA violations. Countrywide received the rescission letter within a few days. Countrywide refused to rescind the loan despite the facial violations of the TILA. Countrywide has not met its statutory responsibility under the TILA at 15 USCA §1635(b).

**FIRST CAUSE OF ACTION FOR VIOLATION OF THE TRUTH-IN-LENDING ACT (Against Countrywide and Does 1-10)**

23. Plaintiff incorporates the allegations of paragraphs 1-22 above.

24. Plaintiff refinanced the previous loan, which is the subject of this lawsuit. Defendants sold a Consumer Adjustable Rate Mortgage ("ARM") loan product to the Plaintiff, which was a refinance of a prior loan. Both loans are subject to the TILA.

25. Defendants have engaged in a pattern of unfair practices in violation of the Truth in Lending Act ("TILA"), 15 USC §1601 <u>et seq.</u>, 15 USC §1635(a), (b) and (g), because no accurate Notice of Right to Cancel disclosure and two copies were given to Plaintiff. Defendants' actions trigger Plaintiff's three-year right of rescission and the transaction is rescinded. Defendants' acts entitle Plaintiff to relief under 15 USC

§1640(a) et seq., including actual damages, twice the finance charge, rescission and reasonable attorney fees and costs pursuant to statute.

26. The facial violations are:

(a) The Defendants did not give two accurate "ROR's" to the Plaintiff;

(b) The Defendants inaccurately dated the "ROR", i.e. the disclosure was blank of dates;

27. The Plaintiff has the right to rescind the loan transaction under 12 CFR 226.23 and 15 USCA §1635.

28. The violations are ongoing, are facial in nature and are applicable to the Assignee Defendant, if one is discovered.

**SECOND CAUSE OF ACTION**
**FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(Against Countrywide and Does 1-10)**

29. Plaintiff incorporates the allegations of paragraphs 1-28 above.

30. Defendants qualified as a provider of information to Credit Reporting Agencies under the Fair Credit Reporting Act and reported negative marks against Plaintiff. Plaintiff is entitled to maintain a private cause of action against these Defendants for an award of damages in an amount to be proven at trial for all violations of that act which caused actual damage to Plaintiff, including emotional distress and humiliation, under 15 U.S.C. §1681s-2(b). Plaintiff is entitled to recover damages from Defendants for negligent non-compliance under 15 U.S.C. §1681o and Plaintiff is entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C. §1681n (a) (2) in an amount to be proven atf trial.

10941384.tif - 11/21/2007 10:37:26 AM

**THIRD CAUSE OF ACTION FOR NEGLIGENCE**
**(Against Commonwealth)**

31. Plaintiff incorporates the allegations of paragraphs 1-30 above.

32. Plaintiff and Countrywide employed Commonwealth to do a Title Search and Title Report and to provide title insurance for Plaintiff's home. Commonwealth failed to include the Plaintiff within the Title Report, failed to include Plaintiff as an insured under the Title Insurance policy, and only included Countrywide as insured, even though the Plaintiff paid for the Title Report and Title Insurance.

33. Commonwealth negligently searched the Title and as a result has failed to list a lien, recorded in Napa County Recorders Office, in favor of William D. Keegan, and subsequently sold to Roger D. and Kathleen M. Cravy as Document Number 2004-0071 33, recorded on June 28, 2004. That lien has adversely affected Plaintiff's title to and possession of her home.

34. Commonwealth negligently refused to add the Plaintiff as an insured to the Title Insurance Policy. Plaintiff sues to be named as an insured under that policy.

35. Commonwealth has caused damages because of its negligent Title search and is liable to the Plaintiff in the amount of the lien plus all interest.

**FOURTH CAUSE OF ACTION**
**FOR STATUTORY UNFAIR COMPETITION UNDER SECTION 17200**
**OF THE BUSINESS AND PROFESSIONS CODE**
**(Against all Defendants)**

35. Plaintiff incorporates the allegations of paragraphs 1-35 above.

36. By committing the acts alleged in paragraphs 1-35 above, defendants have engaged in unfair, deceptive and illegal business practices as proscribed by the

10941384.tif - 11/21/2007 10:37:26 AM

Unfair Competition Law, California Business and Professions Code sections 17200-17204.

37. Plaintiff has standing under section 17204 of the Business and Professions Code because she was injured by defendants' acts.

38. Plaintiff is entitled to restitution of all sums she paid defendants and is entitled to have defendants disgorge all ill-gotten profits they obtained because of defendants' actions as alleged in paragraphs 1-35 above.

WHERFORE, plaintiff prays for judgment as follows:

a. That the Plaintiff be named as an insured on the Title Insurance Policy;

b. That judgment be entered against Commonwealth in the amount of the lien and accrued interest;

c. That the actions of Commonwealth be determined to be negligent and that this Court award all such relief to Plaintiff as she may be entitled to;

d. That the loan transaction be deemed void as result of the Defendants breach;

e. That judgment be entered against all of the Defendants awarding Plaintiff damages in an amount to be proven at the time of trial but in excess of $50,000;

f. That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of California Law and that this Court award all such relief to Plaintiffs as she may be entitled to;

g. That the actions of Countrywide be determined in violation of the Truth in Lending Act, for the non-compliance of 15 USC §1635(a) and the

Regulations promulgated under that statute, which in turn triggers rescission and non-compliance of 15 USC §1635(b), which in turn causes the loan to be rescinded without the Plaintiff ever paying for it, and the Court grant rescission in accordance with 15 USC §1635(b) including return of all finance charges and payments and award other damages provided by 15 USCA §1640(a).

h. That the Plaintiff be awarded $4000.00 statutory penalty for the violations of the Truth in Lending Act and non-compliance with the rescission letter;

i. That the Plaintiff be awarded consequential damages, including attorney's fees incurred to bring this action, in an amount to be proved at trial but in excess of $50,000;

j. That the Plaintiff be awarded her attorney's fees and costs pursuant to the written loan agreements, which bind the Defendants;

k. That the Court award Plaintiff all relief to which she is entitled under the Fair Credit Reporting Act, including an award of punitive damages against the Defendants, for willful violations of the FCRA; and

l. That the Court award such other relief it deems proper.

Dated: October 24, 2007

LAW OFFICES OF RICHARD L. ANTOGNINI

By: [signature]

Richard L. Antognini
Attorneys for Plaintiff
CLARA M. VIETOR

NOV-21-2007(WED) 11:32 ONE LEGAL, INC. (FAX)1+510+873+0984 P.016/016

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: October 24, 2007

LAW OFFICES OF RICHARD L. ANTOGNINI

By: [signature]

Richard L. Antognini
Attorneys for Plaintiff
CLARA M. VIETOR

FIRST AMENDED COMPLAINT FOR DAMAGES
Action No. CV-26-37611

- 10 -

Exhibit A

10941384.tif - 11/21/2007 10:37:26 AM

110714178

E-mail:
rlalawyer@yahoo.com

Law Offices of
RICHARD L. ANTOGNINI
2831 Southcreek Drive
Lincoln, California 95648-8284

Telephone: (916) 645-7278
Facsimile: (916) 290-0539

Insurance Coverage
Complex Litigation
Appeals

April 30, 2007

**By Facsimile To: (800) 658-9364**
**Original By Certified Mail**
**Return Receipt Requested**

Ms. Bernadette Jackson
Mr. Edwin Cruz
Countrywide Home Loans
400 Countrywide Way, MS SV-314
Simi Valley, California 93065-6093

Re: Clara M. Vietor v. Commonwealth Land Title Ins. Co. Countrywide Home Mortgage, Placer Foreclosure, Inc.
Napa County Superior Court Action No. 26-37611

Property Located at 3270 Cuttings Wharf Road, Napa CA 94559
Loan No.: 110714178
Borrower: Clara M. Vietor

Dear Ms. Jackson and Mr. Cruz:

I am counsel for Clara M. Vietor. Earlier today, Mrs. Vietor filed a Quiet Title Action against Countrywide in the Napa County Superior Court. She also recorded a Notice of Action Pending (or Lis Pendens) with the Napa County Recorder's Office. This Notice puts all parties and potential buyers on notice that this action will affect title to the property and that anyone who attempts to acquire title will know that their title will be invalid if Ms. Vietor is awarded judgment. I attach the relevant documents

If you have questions, please call me. Thank you.

Very truly yours,

Richard L. Antognini

COPY of Document Recorded
1-May-2007 2007-0014581
Has not been compared with original
NAPA COUNTY RECORDER

Recording Requested By: Richard L. Antognini

When Recorded Mail to

Richard L. Antognini, Esq.
Law Offices of Richard L. Antognini
2831 Southcreek Drive
Lincoln, California 95648-8284

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

CLARA M. VIETOR, an individual,

Plaintiff,

vs.

COMMONWEALTH LAND TITLE INSURANCE COMPANY, PLACER FORECLOSURE, INC., ROGER D. AND KATHLEEN M. CRAVY, COUNTRYWIDE HOME LOANS, INC., and DOES 1-10, inclusive,

Defendants.

Case No.: 26-37611

**NOTICE OF PENDENCY OF ACTION**

**(Code of Civil Procedure Section 405.20)**

Plaintiff CLARA M. VIETOR hereby gives notice that the above-entitled action was filed in the Napa County Superior Court on April 30, 2007 against defendants Commonwealth Land Title Insurance Company, Placer Foreclosure, Inc., Rodger D. Cravy, Kathleen M. Cravy, and Countrywide Home Loans, Inc. The action affects title to the real property located at 3270 Cuttings Wharf Road, Napa, California 94559. The Legal Description of the Property is attached as Exhibit A. The property is Assessor's Parcel No. 047-262-008.

Dated: April 30, 2007

LAW OFFICES OF RICHARD L. ANTOGNINI

By: [signature]
Richard L. Antognini
Attorneys for Plaintiff
CLARA M. VIETOR

END OF DOCUMENT

## EXHIBIT "A" LEGAL DESCRIPTION

PARCEL ONE:

COMMENCING AT THE POINT FORMED BY THE INTERSECTION OF THE NORTHEASTERN LINE OF THE 40 FOOT COUNTY ROAD COMMONLY KNOWN AS "CUTTINGS WHARF ROAD", WITH THE SOUTHEASTERN LINE OF THE 100 FOOT RIGHT OF WAY CONVEYED TO THE SAN FRANCISCO AND NAPA RAILWAY COMPANY BY DEED OF RECORD IN BOOK 81 OF DEEDS, PAGE 382, NAPA COUNTY RECORDS; RUNNING THENCE ALONG THE SOUTHEASTERN LINE OF SAID RAILROAD RIGHT OF WAY NORTH 50° 41' EAST 871.64 FEET; THENCE SOUTH 29° 49' EAST 715.37 FEET TO THE TRUE POINT OF COMMENCEMENT; RUNNING THENCE FROM SAID TRUE POINT OF COMMENCEMENT SOUTH 29° 49' EAST 50.00 FEET; THENCE NORTH 50° 14' WEST 115.00 FEET TO THE POINT OF COMMENCEMENT.

BEING A PORTION OF THE 33 ACRE TRACT OF LAND CONVEYED TO CHASE. M. MOORE, ET UX, BY DEED RECORDED IN BOOK 338 AT PAGE 148 OF OFFICIAL RECORDS OF NAPA COUNTY.

EXCEPTING THEREFROM ALL OIL, GAS AND MINERALS AS RESERVED IN THE DEED FROM CHARLES M. MOORE, ET UX, RECORDED APRIL 28, 1954 IN BOOK 439 AT PAGE 186, OFFICIAL RECORDS OF NAPA COUNTY.

PARCEL TWO:

A NON-EXCLUSIVE EASEMENT, 30 FEET IN WIDTH, FOR ROAD AND PUBLIC UTILITY PURPOSES TO BY USED IN COMMON WITH OTHERS, THE CENTERLINE OF WHICH IS DESCRIBED AS FOLLOWS:

COMMENCING AT THE POINT FORMED BY THE INTERSECTION OF THE NORTHEASTERN LINE OF SAID COUNTY ROAD WITH THE SOUTHEASTERN LINE OF SAID RAILROAD RIGHT OF WAY AS SAME ARE HEREINABOVE REFERRED TO; RUNNING THENCE ALONG THE SOUTHEASTERN LINE OF SAID RAILROAD RIGHT OF WAY NORTH 50° 41' EAST 871.64 FEET; THENCE SOUTH 29° 49' EAST 848.76 FEET TO THE TRUE POINT OF COMMENCEMENT; RUNNING THENCE FROM SAID TRUE POINT OF COMMENCEMENT SOUTH 50° 14' WEST 724.91 FEET TO A POINT ON THE NORTHEASTERN LINE OF SAID COUNTY ROAD; SAID POINT BEING SOUTH 39° 46' EAST 842.88 FEET DISTANT THEREON FROM THE INTERSECTION THEREOF WITH THE SOUTHEASTERN LINE OF SAID RAILROAD RIGHT OF WAY.

PARCEL THREE:

A NON-EXCLUSIVE EASEMENT, 30 FEET IN WIDTH, FOR ROAD AND PUBLIC UTILITY PURPOSES TO BE USED IN COMMON WITH OTHERS, THE CENTER LINE OF WHICH IS DESCRIBED AS FOLLOWS:

COMMENCING AT THE POINT FORMED BY THE INTERSECTION OF THE NORTHEASTERN LINE OF SAID COUNTY ROAD WITH SOUTHEASTERN LINE OF SAID RAILROAD RIGHT OF WAY, AS SAME ARE HEREINABOVE REFERRED TO; RUNNING THENCE ALONG THE SOUTHEASTERN LINE OF SAID RAILROAD RIGHT OF WAY NORTH 50° 41' EAST 871.64 FEET; THENCE SOUTH 29° 49' EAST 715.37 FEET TO THE TRUE POINT OF COMMENCEMENT; THENCE FROM SAID POINT SOUTH 29° 49' EAST 200.00 FEET.

EXCEPTING FROM SAID RIGHT OF WAY THAT PORTION LYING WITHIN THE LINES OF THE TRACT FIRST ABOVE DESCRIBED.

PARCEL FOUR:

AN EASEMENT FOR THE PURPOSE OF A SEWAGE LINE CONVEYING SEWAGE OR SEWAGE AFFLUENT AS DESCRIBED IN THE LICENSE AND EASEMENT AGREEMENT BY AND BETWEEN CHARLES M. MOORE, ET UX, AND WILLIAM H. ROBINSON, ET AL, RECORDED JANUARY 19, 1976 IN BOOK 984 AT PAGE 124 OF OFFICIAL RECORDS OF NAPA COUNTY.

Clara M. Vietor v. Commonwealth Land Title Ins. Co., et al.
Napa County Superior Court Action No.

**PROOF OF SERVICE**
**[CCP Section 1013(a); 2015.5]**

I am a resident of the United States and the Stated of California. I am employed in the County of Placer. I am over the age of 18 and not a party to the within action; my business address is 2831 Southcreek Drive, Lincoln, California 95648.

On April 30, 2007, I served the NOTICE OF PENDING ACTION on the interested parties in this action by placing a true copy in a sealed envelope, certified mail, return receipt requested, addressed as follows:

Placer Foreclosure, Inc.
12190 Herdal Drive
Auburn, CA 95603

Roger D. Cravy
Kathleen M. Cravy
1101 Clark Street
Napa, CA 94599

Countrywide Home Loans, Inc.
4500 Park Granada
Calabasas, CA 91302-1613

**X VIA U.S. MAIL**

I deposited such envelope(s) in the mail at Lincoln, California. The envelope was mailed with postage fully prepaid. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at Lincoln, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing of affidavit. (CCP §§ 1012, 1013 and 1013(a)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 30, 2007, at Lincoln, California.

Richard L. Antognini

Napa Recorder-County Clerk's Office
County of
Napa
**JOHN TUTEUR**
Assessor-Recorder-County Clerk

2007-0014581 05/01/2007 9:30AM
REC FEE 13.00
CC1 ONE CONFORMED COPY 1.00

TOTAL 14.00

CHECK 222 14.00

CHANGE 0.00

05/01/2007 9:52AM 2007050100024
LS C2792

Thank Yo.
VISIT US ONLINE www.co.napa.ca.us

Requested By:

RICHARD L. ANTOGNINI (SBN 075711)
**LAW OFFICES OF RICHARD L. ANTOGNINI**
2831 Southcreek Drive
Lincoln, California 95648-8284
Telephone: (916) 645-7278
Facsimile: (916) 290-0539
E-Mail: rlalawyer@yahoo.com

Attorneys for Plaintiff CLARA VIETOR

ENDORSED

APR 30 2007

Clerk of the Napa Superior Court
By: V. BENAVIDEZ
Deputy

CASE MANAGEMENT CONFERENCE
DATE: 10-09-07
TIME: 8:30am
PLACE: Courtroom A
825 Brown Street, Napa CA 94559

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF NAPA**

CLARA M. VIETOR, an individual,

Plaintiff,

vs.

COMMONWEALTH LAND TITLE INSURANCE COMPANY, PLACER FORECLOSURE, INC., ROGER D. AND KATHLEEN M. CRAVY, COUNTRYWIDE HOME LOANS, INC., and DOES 1-10, inclusive,

Defendants.

Case No.: 26 37611

**COMPLAINT TO QUIET TITLE**

**(Request for Injunctive Relief)**

DELAY REDUCTION CASE

Plaintiff CLARA M. VIETOR (or "plaintiff") alleges as follows:

**THE PARTIES**

1. Plaintiff is a resident of the State of California.

2. Defendant Commonwealth Land Title Insurance Company ("Commonwealth") is corporation that does business within the State of California and the County of Napa.

3. Defendant Placer Foreclosure, Inc, ("Placer") is doing business within the State of California as a foreclosure company, with its principal place of business at South Creek Business Park, 12190 Herdal Drive, Auburn California 95603.

Exhibit A

4. Defendants Roger D. and Kathleen M. Cravy ("Cravy") do business within the State of California and the County of Napa as purchasers of mortgage notes and have an adverse interest in the title of the Plaintiff. Their address is 1101 Clark Street, Napa California 94559.

5. Defendant, Countrywide Home Loans, Inc. ("Countrywide") does business within the State of California and the County of Napa as a home mortgage lender and has an adverse interest in the title of the Plaintiff. Its address is 4500 Park Granada, Calabasas California 91302-1613.

6. Plaintiff does not know the identities of the defendants she sues as DOES 1-10, and plaintiff therefore sues those defendants by such fictitious names. Plaintiff is informed and believes, and alleges on that information and belief, that these defendants are liable for the acts and damages described in this Complaint. Plaintiff will ask leave of court to substitute the true names and identities of these defendants once they have been learned.

7. Plaintiffs alleges on information and belief that each of the defendants were and are agents, officers, directors, or employees of one or more of the other defendants, and that each of the defendants acted within the course and scope of their actual, implied, apparent, or ostensible authority as agents, officers, directors, or employees of some or all of the other defendants in engaging in the conduct alleged in this complaint.

**FACTUL ALLEGATIONS**

8. Plaintiff incorporates the allegations of paragraphs 1-7 above.

9. Plaintiff owns the home located at 3270 Cuttings Wharf Road, Napa, California 99559. Plaintiff is 78 years old.

10. On July 25, 2005, Plaintiff took out a loan with Countrywide and employed Commonwealth to do the title search and preparation.

11. On July 25, 2005, Commonwealth failed or refused to put the Plaintiff on the title report, even though the Plaintiff paid for the Title Report. The Title Report failed to list a lien in favor of William D. Keegan, and subsequently sold to Roger D. and Kathleen M. Cravy. This lien was recorded in the Napa County Recorder's Office as Document Number 2004-007133, recorded on June 28, 2004.

12. On July 25, 2005, Commonwealth failed or refused to list the above-mentioned lien on the title report, adversely affecting the Plaintiff as well as the other Defendants.

13. Commonwealth regularly does title searches and reports. In these reports, Commonwealth reports all liens and encumbrances. If the lien that encumbers the plaintiff's property had been reported by Commonwealth, William D. and Kathleen M. Cravy would have been paid. Further, Countrywide would have had the chance to decline or refinance the lien within the Plaintiff's loan with Countrywide.

14. On March 28, 2007, Plaintiff contacted Commonwealth and Countrywide to complain about the mistake Commonwealth made in the title report and to file a claim on the Title Policy. Commonwealth failed or refused to settle the matter with the Plaintiff and Countrywide.

15. Defendants William D. Cravy and Kathleen M. Cravy, by and through, Defendant Placer, are foreclosing on Plaintiff's property.

16. Plaintiff reserves the right to amend this pleading as the evidence, her investigation and discovery indicate.

**FIRST CAUSE OF ACTION TO QUIET TITLE**
**(Against All Defendants)**

17. Plaintiff incorporates the allegations of paragraphs 1-16 above.

18. Plaintiff is the owner of the property located at 3270 Cuttings Wharf Road, Napa California 99559. Plaintiff will provide a legal description of the property in an amended pleading.

19. The basis of Plaintiff's title is a Deed of Trust ("Deed"), granting the above-mentioned property to the Plaintiff as dated and recorded in the Napa County Recorders Office as Instrument Number 2004-007133. The Plaintiff is being divested of the property by foreclosure sale on May 1, 2007 at 1:30pm.

20. Plaintiff is informed and believes, and alleges on such information and belief, that Defendants William D. Cravy, Kathleen M. Cravy and Countrywide claim an interest adverse to Plaintiff. These defendants contend that they have a note and deed of trust to the property as first position. Countrywide also claims first position as lien holder free and clear of law suits pending in other jurisdictions, such as this one filed in this Court.

21. Plaintiff is seeking to quiet title against the claims of the Defendants. The claims of the Defendants are without any right and Defendants have no right, title, estate, lien, or interest in the above-described property, until this lawsuit is settled.

22. Plaintiff seeks to quiet title as of July 25, 2005.

23. Plaintiff asks this Court to declare the rights, title and interests of the parties adversely affected by the facts alleged above.

24. Plaintiff has been forced by the acts of others, including defendants, to bring this lawsuit to quiet title in her property. Accordingly, plaintiff is entitled to recover her reasonable attorney's fees and costs.

WHERFORE, plaintiff prays for judgment as follows:

1. That the foreclosure and sale be deemed illegal and void and that it be enjoined;
2. That the title to the property be quieted to the Plaintiff with Countrywide as first lien holder;
3. That judgment be entered against Defendant Commonwealth in the amount of the Cravy lien and accrued interest;
4. That plaintiff be awarded her reasonable attorney's fees and costs;
5. That the Court award such other relief as it deems just and proper.

Dated: April 30, 2007 LAW OFFICES OF RICHARD L. ANTOGNINI

By: ____________________
Richard L. Antognini
Attorneys for Plaintiff
CLARA M. VIETOR

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this action.

Dated: April 30, 2007 LAW OFFICES OF RICHARD L. ANTOGNINI

By: ____________________
Richard L. Antognini
Attorneys for Plaintiff
CLARA M. VIETOR

Exhibit A

Law [illegible] of [illegible] Antognini
20[illegible] Southcreek Dr[illegible]
L[illegible], CA 95648 8284

RECEIVED
LOAN ADMIN. OFC. OF THE PRES.

MAY 0 8 2007

Ms Bernadette Jackson
Mr. Edwin Cruz
Countrywide Home Loans
400 Countrywide Way, MS SV-314
Simi Valley, California 93065-6093

93065+6298-00 C025

Exhibit A

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to the within action. I am employed by Countrywide Home Loans, Inc. My business address is 5220 Las Virgenes Road, MS: AC-11, Calabasas, California 91302.

On December 20 2007, I served NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of Mailing: December 20, 2007

Place of Mailing: Calabasas, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 20 2007, at Calabasas, California.

Desiree Rais

**SERVICE LIST**

Richard L. Antognini
2831 Southcreek Drive
Lincoln, CA 95648-8284

Victoria Robinson Smith, Esq.
Law Offices of Victoria Robinson Smith
320 Village Square
Orinda, CA 94563

s:\ss\lc\Vietor-S\not-removal-us
– 4 –
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)