**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARA M. VIETOR, | No. C-07-06453 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| COMMONWEALTH LAND TITLE, | |
| Defendant. / | |

Plaintiff Clara Vietor filed suit against Defendant Countrywide Home Loans, Inc., alleging that Countrywide did not provide her with accurate disclosures in violation of the Truth in Lending Act ("TILA") and seeking rescission and damages. She also claims that Countrywide's actions violated the Fair Credit Reporting Act ("FCRA") and California Business & Professions Code § 17200. Countrywide has moved for summary judgment, or, in the alternative, for summary adjudication of each of Ms. Vietor's claims. For the reasons discussed below, the Court GRANTS Countrywide's Motion for Summary Judgment.

**Background**

Ms. Vietor owns the real property located at 3780 Cuttings Wharf Road, Napa, California. First Amended Complaint ("FAC") ¶ 7. On July 11, 2005, Ms. Vietor applied to Countrywide for a fixed rate refinance of her previous residential mortgage loan. Id. ¶ 12. Countrywide approved the loan, and Vietor executed an Adjustable Rate Note for $560,000. See Declaration of Andrew Noble ("Noble Decl."), Ex. C (Plaintiff's Responses to Countrywide's First Set of Requests for Admissions) at 2.[1]  The loan closed on July 25, 2005. FAC ¶ 12.

---

[1] The FAC indicates that Ms. Vietor applied for a fixed rate mortgage but received an adjustable rate mortgage. There is no evidence of what type of loan Ms. Vietor originally applied for, and neither party has raised this issue.

At the closing, Ms. Vietor executed a Notice of Right to Cancel which instructed her that she had until July 28, 2005 to rescind the transaction pursuant to TILA. Noble Decl., Ex. C at 2. The FAC alleges that the Notice of Right to Cancel that she received was blank, and that she did not receive two copies as required. FAC ¶ 18, 19. However, Ms. Vietor admits that she signed the Notice of Right to Cancel attached to Countrywide's Requests for Admission as Exhibit A, which is not blank and contains the July 28, 2005 cancellation date. Noble Decl., Ex. A at Ex. A. Ms. Vietor also executed a Truth in Lending Disclosure Statement, reflecting, among other things, the annual percentage rate, finance charges, amount financed, amount of payments, and number of payments. Noble Decl., Ex. C at 2; see also Ex. A at Ex. B. However, Ms. Vietor alleges that she did not receive the preliminary disclosures required by TILA or a Good Faith Estimate required by the Real Estate Settlement Procedures Act ("RESPA") until the loan closed. FAC ¶ 17.

On April 26, 2007, Ms. Vietor sent Countrywide a letter indicating her intent to rescind the loan pursuant to TILA, but Countrywide refused to rescind. FAC ¶ 22. Thereafter, Ms. Vietor filed this lawsuit in Napa County Superior Court to quiet title to the property. On October 29, 2007, Ms. Vietor filed the FAC alleging TILA violations, and Countrywide removed the case to this Court on December 21, 2007.

Ms. Vietor admits that she cannot tender the loan's principal. Noble Decl., Ex. C at 2 (Request: "Admit that YOU cannot tender the LOAN's principal amount today. Response: "Admit."). In response to Countrywide's interrogatory asking Ms. Vietor to describer her financial status, she reiterates her admission that she cannot tender the amount due, and states that the question is no longer an issue in the case. Noble Decl., Ex. D at 6.

Ms. Vietor has not served Countrywide with any Rule 26 initial disclosures. Noble Decl. ¶ 6. Ms. Vietor has been previously warned that her case could be dismissed for failure to prosecute, and has been sanctioned for failure to timely provide discovery responses.

**Legal Standard**

Summary judgment shall be granted if "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56©. Material facts are those

2

which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir.1999).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Id. On an issue where the non-moving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non- moving party's case. Id. If the moving party meets its initial burden, the opposing party "may not rely merely on allegations or denials in its own pleading;" rather, it must set forth "specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(e)(2); Anderson, 477 U.S. at 250. If the non-moving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

**Analysis**

    **A.**    **Summary Adjudication of the TILA Claim is Appropriate**

Ms. Vietor seeks both damages and rescission under TILA. The statute of limitations for a damages claim under TILA is one year. See 15 U.S.C. § 1640(e) ("[a]ny action [for TILA civil damages] may be brought . . . within one year from the date of occurrence of the violation"); King v. State of California, 784 F.2d 910, 913 (9th Cir. 1986). Countrywide argues that Ms. Vietor's TILA claim accrued upon consummation of the loan on July 25, 2005, and she failed to file suit within one year, instead waiting until April 30, 2007. Countrywide also argues that this claim should not be equitably tolled because Ms. Vietor had sufficient information to know of the existence of her claim

3

1 as of the date the loan closed, which she executed the Truth in Lending Disclosure Statement, Notice
2 of Right to Cancel and Adjustable Rate Note.

3 Ms. Vietor argues that the one year statute of limitations for a TILA damages claim should
4 not apply because she has also made a rescission claim. She relies on McIntosh v. Irwin Union
5 Bank and Trust Co., 215 F.R.D. 26, 28-29 (D. Mass. 2003), a non-binding case which held that
6 "[t]he statute of limitations for actions alleging statutory damages under Section 1640(e) is normally
7 one year, but if the plaintiffs have the right to rescind based on the lack of a material disclosure, the
8 three year period for rescission claims under Section 1635(g) applies." However, Countrywide
9 correctly points out that McIntosh has been roundly criticized as conclusory and wrong on the law,
10 and rejected by the majority of courts addressing the issue who instead have held that the one year
11 statute of limitations applies to TILA damages claims. See e.g., Bell v. Ameriquest Mortgage Co.,
12 2004 WL 2973819, at *1 (N.D. Ill. 2004); Brown v. Nationscredit Financial Services Corp., 349 F.
13 Supp. 2d 1134, 1137 (N.D. Ill. 2005). Section 1635(f) provides that the statute of limitations for a
14 TILA rescission claim is "three years after the date of consummation of the transaction." Section
15 1635(g) states that, "In any action in which it is determined that a creditor has violated this section,
16 in addition to rescission the court may award relief under section 1640 of this title for violations of
17 this subchapter not relating to the right to rescind." The many courts rejecting McIntosh have
18 concluded that Section 1635(g) does not alter the statute of limitations in Section 1635(f).

19 The Court agrees with the cases cited by Countrywide that the statutory language of 15
20 U.S.C. § 1640(e) and 15 U.S.C. §§ 1635(f) and (g) make clear that the one year statute of limitations
21 applies to damages claims, while the three year limitations period only applies to rescission claims.
22 It is undisputed that Ms. Vietor did not file her claim for damages under TILA within the one year
23 statute of limitations, and she has not put forth any argument or evidence that the statute should be
24 tolled. Therefore, summary adjudication of this portion of the claim is appropriate.

25 With respect to rescission, Countrywide contends that "[a] borrower exercising her right to
26 rescind a loan must tender the loan's unpaid principal to the lender." Motion at 5. Countrywide
27 acknowledges that TILA generally requires that, 20 days following receipt of a notice of recision,
28 the creditor must return and money or property to the borrower and reflect termination of the

4

security interest, and only after that occurs the borrower must tender the property. See 15 U.S.C. § 1635(b). However, Countrywide contends that TILA's implementing regulations authorize courts to modify this procedure. See 12 C.F.R. § 226.23(d)(4). Countrywide urges the Court to follow the lead of Yamamoto v. Bank of New York, 329 F.3d 1167, 1170 (9th Cir. 2003), which held that a court may "condition rescission on tender by the borrower of the property he had received from the lender." In Yamamoto, the Ninth Circuit affirmed a district court's decision to deny the plaintiffs' request to rescind because they could not tender the unpaid principal, even without first determining whether TILA was violated. Id.; see also Motion at 6:26-7:5 (citing cases where tender or proof of ability to tender required for TILA rescission). Other cases have found that, if the plaintiff is unable to pay back what she received, rescission is an "empty remedy." See Garza v. Am. Home Mortgage, 2009 WL 188604, at *5 (E.D. Cal. 2009).

Plaintiff plainly admits that she is unable to tender. See Noble Decl., Ex. C at 2 (Request: "Admit that YOU cannot tender the LOAN's principal amount today. Response: "Admit."). She does not contest this admission, or indicate that she is willing or able to tender, even if she can prove her TILA case and would be entitled to rescission. Plaintiff's only argument in opposition to Countrywide's motion is that the Court should not require her to tender in advance of proving her case.[2] She argues that a tender rule in a depressed housing market makes TILA a useless remedy because most homeowners cannot come up with the money, and if they have the money they are likely not facing foreclosure. Ms. Vietor relies on Federal Reserve Board Staff Commentary to Regulation Z (15 C.F.R. § 226, which implements TILA) for the proposition that a court should normally determine whether a consumer has a right to rescind before establishing the procedure for tender. See Opp. at 4:17-23. She also relies on a 2004 Bulletin from the Comptroller of Currency, which notes that changes to Regulation Z would include, "clarifying that a consumer's right to rescind is not affected by the sequence of the rescission procedures or a court order modifying those procedures in both open and closed end credit." Plaintiff argues that the Court should defer to these

---

[2] Plaintiff also argues that a three year statute of limitations, as opposed to one year, should apply to her TILA rescission claim. Countrywide does not dispute that the statute of limitations for a TILA rescission claim is three years, and does not argue that Ms. Vietor's claim for rescission should be dismissed on the basis of the statute of limitations. Therefore, this argument is irrelevant.

5

1 agencies' interpretation of TILA and use its discretion to allow Plaintiff to prove her case on
2 rescission despite the fact that she readily admits she cannot tender.

3 Plaintiff's arguments are unpersuasive. Therefore, the Court GRANTS summary
4 adjudication of Ms. Vietor's TILA rescission claim because she admits that she cannot tender, and
5 that she received and executed a Notice of Right to Cancel and Truth in Lending Disclosure
6 Statement. Allowing Plaintiff to proceed on her rescission claim despite her clear admission that she
7 cannot tender would not put the parties back in their original positions, as is the goal of a rescission
8 remedy. Based on these facts, Yamamoto plainly supports dismissal of the TILA rescission claim as
9 a matter of law.

10 **B.     Summary Adjudication of the FCRA and 17200 Claims Is Also Appropriate**

11 Countrywide argues that Plaintiff's claims for violation of the FCRA and California Business
12 & Professions Code § 17200 also fail as a matter of law.

13 Specifically, Countrywide contends that the sole private right of action under the FCRA is 15
14 U.S.C. § 1681s-2(b)(1), which imposes a duty of reinvestigation on furnishers of information to
15 credit reporting agencies only after the furnisher receives notice of a dispute from the credit
16 reporting agency. See Nelson v. Equifax Information Services, LLC., 522 F. Supp. 2d 1222, 1229
17 (C.D. Cal. 2007). Countrywide argues that Ms. Vietor has not shown that she notified a credit
18 reporting agency of a disputed account, that a credit reporting agency notified Countrywide of the
19 disputed account, that Countrywide failed to reinvestigate its credit reporting, or that Ms. Vietor was
20 damaged as a result. Ms. Vietor's Opposition does not address Countrywide's argument regarding
21 her FCRA claim, she has provided no evidence to support this claim, and it appears that she has
22 abandoned it. Additionally, because she has failed to provide initial disclosures or other witnesses or
23 documents, she is precluded from relying on such evidence even if she had any. See Fed. R. Civ. P.
24 37(c)(1). Therefore, the Court GRANTS summary adjudication of Plaintiff's FCRA claim.

25 Plaintiff also does not address Countrywide's argument that her section 17200 claim fails as
26 a matter of law because it is preempted by TILA and the FCRA and because Plaintiff can not show
27 any injury as a result of any alleged RESPA violation. See Motion at 9:8-10:11. Again, Ms.
28 Vietor's Opposition does not address Countrywide's argument regarding her 17200 claim, she has

6

provided no evidence to support this claim, and it appears that she has abandoned it. Additionally, because she has failed to provide initial disclosures or other witnesses or documents, she would be precluded from relying on such evidence in any event. See Fed. R. Civ. P. 37(c)(1). Therefore, the Court GRANTS summary adjudication of Plaintiff's 17200 claim as well.

Because the Court finds that summary adjudication of each of Ms. Vietor's claims is warranted in favor of Defendant Countrywide, the Court hereby GRANTS Defendant's Motion for Summary Judgment of this action.

**IT IS SO ORDERED.**

Dated: February 11, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge